# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2448

_____

Joseph Lamont French

*Plaintiff - Appellant*

v.

Central Credit Services; Integrity Solution Services; Radius Global Services

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 7, 2019
Filed: March 18, 2019
[Unpublished]

_____

Before GRUENDER, BOWMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

In this action under the Equal Pay Act, Joseph French appeals after the District Court[1] granted summary judgment in favor of his former employer on his wage-

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

discrimination and retaliation claims. After de novo review, we conclude that the District Court did not err in granting summary judgment to defendants. See Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir.) (en banc) (standard of review), cert. denied, 565 U.S. 978 (2011). French's wage-discrimination claim failed as a matter of law because the challenged pay differential was undisputedly explained by a valid factor other than sex. See Price v. N. States Power Co., 664 F.3d 1186, 1191 (8th Cir. 2011) (discussing the burden-shifting framework for a wage-discrimination claim under the Equal Pay Act). Further, his retaliation claim failed as a matter of law because he did not present a causal connection between protected activity and his termination. See Pye v. Nu Aire, Inc., 641 F.3d 1011, 1021 (8th Cir. 2011) (discussing the burden-shifting framework for a retaliation claim). Finally, contrary to French's suggestion on appeal, the district court did not abuse its discretion in managing discovery in this case. See Stringfellow v. Perry, 869 F.2d 1140, 1143 (8th Cir. 1989) ("District courts are afforded wide discretion in their handling of discovery matters.").

We affirm the judgment.

_____